IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. HEWITT, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| HELIX ENERGY SOLUTIONS GROUP, INC. | § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael J. Hewitt ("Plaintiff" or "Mr. Hewitt"), on behalf of himself and others similarly situated, files this Complaint against Helix Energy Solutions Group, Inc. ("Defendant" or "Helix"), showing as follows:

## SUMMARY

1.      Mr. Hewitt worked as a Tool Pusher for Helix. Helix paid him and similarly situated Tool Pushers a day rate for their work, and did not pay them overtime, even though Mr. Hewitt and similarly situated Tool Pushers routinely worked 84 hours per week and sometimes more when working on a rig. Thus, Mr. Hewitt is suing for damages under the FLSA on his behalf, and seeks to represent a class of similarly situated individuals.

## THE PARTIES AND JURISDICTION

2.      The Plaintiff, Mr. Hewitt, is a natural person residing in Oak Ridge, Tennessee. He has standing to file this lawsuit. A copy of his consent to join this lawsuit is attached hereto as Exhibit 1.

3.      Defendant Helix is a Minnesota corporation operating in Texas with its Corporate Headquarters at 3505 W Sam Houston Pkwy N, Suite 400, Houston, Texas 77043. It may be

served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      The "Members of the Class" are all current and former Tool Pushers employed by Helix, who were paid a "day rate" with no overtime, and thus did not receive overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek.  Like the named Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Helix.  All of the "Members of the Class" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

5.      The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.  For years, all three Defendant has done business in the state of Texas, and it continues to do business in the state of Texas.

6.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction.  There is federal question jurisdiction because Plaintiff brings a claim under the federal FLSA, 29 U.S.C. § 201, *et. seq*.

## FACTUAL BACKGROUND

**A.      Helix Paid Plaintiff And Similarly Situated Employees On A Day Rate Plan With No Overtime**

7.      From December 29, 2014, through August 1, 2017, Helix employed Plaintiff as a Tool Pusher.  In that role, his primary duty was to supervise and coordinate the activities of workers engaged in drilling on an oil rig.

8.      In this position, Mr. Hewitt, and those similarly situated Tool Pushers, were paid a "day rate" with no overtime even though, when on the rig, they routinely worked 84 hours per week (or 12 hours per day).  On several occasions in the past three years he worked more than 84 hours a week while on the rig.  Helix's own pay records indicate that it paid Mr. Hewitt "Daily."

Helix's pay records during the statute of limitations period further demonstrate that it paid Mr. Hewitt and the Members of the Class a "day" rate, premised on a 12-hour day, regardless of the number of hours they worked.

9.      Helix's payment of a day rate without overtime to Plaintiff and similarly situated individuals violates the FLSA.  *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011) (observing that "day rate" scheme clearly violated the FLSA and entitled the plaintiffs to overtime pay and liquidated damages under the law).

## FLSA CLAIM FOR OVERTIME PAY AGAINST HELIX

10.      Mr. Hewitt incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

11.      All conditions precedent, if any, to this suit, have been fulfilled.

12.      At all material times, Plaintiff and the Members of the Class were employees under the FLSA. 29 U.S.C. § 203(e).

13.      At all material times, Defendant was a covered employer under the FLSA.  29 U.S.C. § 203(d).

14.      In each of the past three years, Helix has been an enterprise engaged in commerce or in the production of goods for commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Helix has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and Helix has had and continues to have annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

15.      Helix has, at all materials times, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     Plaintiff was never exempt from overtime under the FLSA.

17.     The Members of the Class were never exempt from overtime under the FLSA.

18.     At all material times, as set forth herein, Plaintiff and the Members of the Class routinely worked in excess of 40 hours per seven-day workweek, and the Defendants knew that.

19.     At all material times, as set forth herein, Plaintiff and the Members of the Class were entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

20.     Under the FLSA, employers such as Helix are generally required to pay non-exempt employees like Plaintiff and the Members of the Class time and one-half their regular rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).   As the Fifth Circuit has stated:  "The Fair Labor Standards Act generally requires that employees be paid an overtime premium of "time-and-one-half" for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)).

21.     At all materials times, as set forth herein, Helix failed to pay Plaintiff and the Members of the Class overtime compensation of one and one-half their regular rate of pay (or any overtime compensation at all) for hours worked over 40 in a workweek.  Thus, it violated the FLSA.

22.     **Unpaid Overtime.**   Helix owes Plaintiff and Members of the Class unpaid overtime wages.

23.     **Liquidated Damages.**   Helix also owes Plaintiff and Members of the Class an equal amount in liquidated damages.   This is because, under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).   While an employer

may try to avoid liquidated damages by showing its FLSA violation was in "good faith," that is a standard that extremely difficult to satisfy.  As the Fifth Circuit has put it, "[a]n employer 'faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.'" *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)).

24.     For example, in *Bolick v. Mgmt. by Skylane, LLC*, the court considered whether the defendant had produced sufficient evidence to support a § 260 good faith defense. Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (Smith, J).  The defendant produced evidence that an executive was not aware of FLSA requirements, sought legal counsel when it created payroll policies, and "always clearly notified its exempt employees that they were paid a specified weekly wage for all hours worked in each workweek, regardless of the number of hours worked." *Id*. at *1.  The executive also testified that the defendant "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]." *Id*.  The court still found that the defendant had failed to produce sufficient evidence to withstand summary judgment because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA." *Id*.

25.     Helix has no evidence remotely as strong as the employer in *Bolick* that their violations of the FLSA's basic "time and one-half" overtime rule was in "good faith."  The fact is that the rules Helix violated is so basic that its violations could not have been in "good faith." *See, e.g.*, *Mumby*, 636 F.3d at 1268 (observing that a "day rate" scheme clearly violated the FLSA and entitled the plaintiffs to overtime pay and liquidated damages under the law); *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation

to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense").

26. **Willful Violation.** Helix's violation of the FLSA is willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

27. **Reasonable Attorneys' Fees.** Mr. Hewitt is also entitled to reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

28. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

29. Accordingly, under 29 U.S.C. § 216(b), Mr. Hewitt seeks to represent a class against Helix on behalf of:

> "are all current and former Tool Pushers who were employed by Helix during the three-year period preceding the filing of this complaint who were paid a "day rate" with no overtime, and thus did not receive overtime pay at the rate of one and one-half their regular rate when they worked more than forty hours in a workweek."

## JURY DEMAND

30. Plaintiff demands a jury trial.

## PRAYER

Plaintiff asks that the Court issue citation for Helix to appear and answer, and that

Plaintiff and the Members of the Class be awarded a judgment against Defendants for:

a.      Actual damages in the amount of unpaid overtime wages;

b.      Liquidated damages under the FLSA;

c.      Prejudgment and post-judgment interest;

d.      Court costs;

e.      Reasonable attorneys' fees; and

f.      All other relief to which Plaintiff and the Members of the Class are justly entitled.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:      s/ Edwin Sullivan
         Edwin Sullivan
         State Bar No. 24003024
         S.D. Texas ID No. 24524
         712 Main Street, Suite 900
         Houston, TX 77002
         (713) 401-3557 – Telephone
         (713) 401-3547 – Facsimile
         ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Mark J. Oberti
State Bar No. 00789951
S.D. Texas ID No. 17918
OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
mark@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFF

-7-